# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON BRADFORD, | Case No. 1:12-cv-01712-AWI-SAB |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |
| v. | ECF NO. 32 |
| RANDY DAVIS, et al., | |
| Defendants. | |

On October 23, 2013, Defendants Randy Davis, John Carrico, Jacob Keiser, Paul MacDonald and Douglas Ridenour ("Defendants") filed a motion to compel Plaintiff Devon Bradford ("Plaintiff") to provide Defendants with initial disclosures and responses to discovery requests. (ECF No. 32.)

Pursuant to Local Rule 230(g), the Court finds that adjudication of this matter is appropriate upon the record and briefs on file and oral argument is not necessary. The hearing in this matter is therefore vacated. For the reasons set forth below, the Court grants Defendants' motion to compel.

## I.

## BACKGROUND

Plaintiff filed the complaint in this action on August 20, 2012. (ECF No. 1.) Plaintiff, proceeding pro se, raises claims under 42 U.S.C. § 1983 against Defendants for the use of

1

excessive force during Plaintiff's arrest.

The Court issued a scheduling order on July 3, 2013. (ECF No. 25.) Pursuant to this scheduling order, the parties were to exchange initial disclosures under Federal Rule of Civil Procedure 26(a) by August 2, 2013. Defendants claim that they have not yet received initial disclosures from Plaintiff. Moreover, Defendants claim that they have not yet received responses to certain discovery requests propounded by Defendants on Plaintiff on August 31, 2013.

On October 8, 2013, Defendants sent a correspondence to Plaintiff in an informal attempt to resolve the discovery dispute. Defendants did not receive a response from Plaintiff. Defendants filed the present motion to compel on October 23, 2013.

Plaintiff's opposition to Defendants' motion was due on November 6, 2013. See Local Rule 230(c). To date, no opposition to the motion has been filed.

## II.

## LEGAL STANDARDS

Motions to compel are governed by Federal Rule of Civil Procedure 37. Rule 37 states, in pertinent part:

> (a)   Motion for an Order Compelling Disclosure or Discovery.
> (1)   In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
> ...
> (3)   Specific Motions.
> (A)   To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
> (B)   To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection....

Rule 37(a)(5) authorizes the imposition of sanctions against the party whose conduct necessitated the motion to compel. Rule 37(c) states that a party who fails to make initial disclosures required by Rule 26(a) is not permitted to use the information or witnesses that should have been disclosed unless the failure was substantially justified or is harmless.

Moreover, Rule 37 authorizes the following types of sanctions against a party for the failure to make initial disclosures under Rule 26(a) and the failure to respond to discovery requests:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A), (c)(1)(C), (d)(3).

## III.

## DISCUSSION

Defendants seek an order compelling Plaintiff to provide initial disclosures under Rule 26(a) as well as responses to Defendants' discovery requests. Defendants have demonstrated that no disclosures or responses have been provided by Plaintiff. Accordingly, the Court will order Plaintiff to provide responses within fourteen (14) days.

Rule 26(a)(1) requires all parties to provide the following information to the other parties without awaiting a discovery request:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to

> satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

The Court will order Plaintiff to produce all of the above-described information to Defendants within fourteen (14) days.

Defendants propounded several discovery requests, including five sets of interrogatories (Rule 33), one set of requests for production (Rule 34) and one set of requests for admission (Rule 36). The Court will order Plaintiff to provide responses to these discovery requests within fourteen (14) days.

The Court further finds that Plaintiff has waived any objections to Defendants' discovery requests, including any objections based upon privilege. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

Finally, Plaintiff is forewarned that the failure to provide initial disclosures and discover responses in a timely manner in compliance with this order will result in the imposition of sanctions. **The failure to comply with a court order to provide discovery may result in the same types of sanctions described above, see discussion, supra Part II, including but not limited to evidentiary sanctions, issue sanctions, striking Plaintiff's pleadings, staying this action, dismissing of this action and/or a finding that Plaintiff is in contempt of court.**

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel is GRANTED;
2. Within fourteen (14) days of the date of service of this order, Plaintiff shall provide Defendants with the required disclosures under Federal Rule of Civil Procedure 26(a) as well as responses to Defendants' discovery requests:
   - Set No. One of the Specially Prepared Interrogatories by Defendant Randy Davis

///

4

- Set No. One of the Specially Prepared Interrogatories by Defendant John Carrico
- Set No. One of the Specially Prepared Interrogatories by Defendant Jacob Keiser
- Set No. One of the Specially Prepared Interrogatories by Defendant Paul MacDonald
- Set No. One of the Specially Prepared Interrogatories by Defendant Douglas Ridenour
- Set No. One of the Requests for Identification, Production and Copying of Documents by Defendant Randy Davis; and
- Set No. One of the Requests for Admissions by Defendant John Carrico

3.  **Plaintiff is forewarned that the failure to comply with this order will result in the imposition of sanctions, up to and including dismissal of this action.**

IT IS SO ORDERED.

Dated:  **November 14, 2013**

UNITED STATES MAGISTRATE JUDGE

5