1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON BRADFORD, | Case No.  1:12-cv-01712-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION FOR SANCTIONS BE GRANTED |
| v. | |
| RANDY DAVIS, et al., | ECF NO. 37 |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

On December 4, 2013, Defendants Randy Davis, John Carrico, Jacob Keiser, Paul MacDonald and Douglas Ridenour ("Defendants") filed a motion for terminating sanctions against Plaintiff Devon Bradford.  (ECF No. 37.)

The Court finds it appropriate for Defendants' motion to be submitted upon the record and briefs on file without need for oral argument.  See Local Rule 230(g).  For the reasons set forth below, the Court recommends that Defendants' motion be granted and this action be dismissed.

### I.

### BACKGROUND

Plaintiff filed the complaint in this action on August 20, 2012.  (ECF No. 1.)  Plaintiff, proceeding pro se, raises claims under 42 U.S.C. § 1983 against Defendants for the use of excessive force during Plaintiff's arrest.

1   ///

2      On October 23, 2013, Defendants filed a motion to compel. (ECF No. 32.) In their

3   motion to compel, Defendants noted that Plaintiff had not provided any initial disclosures under

4   Federal Rule of Civil Procedure 26(a), which were due on August 2, 2013. Further, Defendants

5   propounded discovery requests on Plaintiff, which Plaintiff ignored.

6      On November 14, 2013, the Court granted Defendants' motion to compel and ordered

7   Plaintiff to provided Defendants with initial disclosures and discovery responses within fourteen

8   days. (ECF No. 36.) The Court later received notice that the November 14 order was not

9   deliverable as addressed. The order was sent to the address provided by Plaintiff and Plaintiff

10  has not provided the Court with an updated address.

11     Defendants filed the present motion for terminating sanctions on December 4, 2013.

12  Defendants' motion indicates that Plaintiff has not yet provided Defendants with initial

13  disclosures or discovery responses.

14                                       **II.**

15                              **LEGAL STANDARDS**

16     Sanctions arising from the failure to obey a discovery order are governed by Federal Rule

17  of Civil Procedure 37(b)(2), which states, in pertinent part:

18        **(b)      Failure to Comply with a Court Order.**
          ...
19        **(2)      Sanctions Sought in the District Where the Action is
          Pending.**
20        **(A)**      *For Not Obeying a Discovery Order.*  If a party or a party's
          officer, director, or managing agent--or a witness designated under
21        Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or
          permit discovery, including an order under Rule 26(f), 35, or 37(a),
22        the court where the action is pending may issue further just orders.
          They may include the following:
23        (i) directing that the matters embraced in the order or other
          designated facts be taken as established for purposes of the action,
24        as the prevailing party claims;
          (ii) prohibiting the disobedient party from supporting or opposing
25        designated claims or defenses, or from introducing designated
          matters in evidence;
26        (iii) striking pleadings in whole or in part;
          (iv) staying further proceedings until the order is obeyed;
27        (v) dismissing the action or proceeding in whole or in part;
          (vi) rendering a default judgment against the disobedient party; or
28        (vii) treating as contempt of court the failure to obey any order

                                         2

1     except an order to submit to a physical or mental examination.

2                                      **III.**

3                               **DISCUSSION**

4           Defendants request terminating sanctions against Plaintiff for failing to comply with the

5     Court's order requiring Plaintiff to provide Defendants with initial disclosures and discovery

6     responses.  "A terminating sanction, whether default judgment against a defendant or dismissal

7     of a plaintiff's action, is very severe."  <u>Connecticut General Life Ins. Co. v. New Images of</u>

8     <u>Beverly Hills</u>, 482 F.3d 1091, 1096 (9th Cir. 2007).  "Only 'willfulness, bad faith, and fault'

9     justify terminating sanctions."  <u>Id.</u>

10          In determining whether terminating sanctions are appropriate, the Court looks to the

11    following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the

12    Court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4)

13    the public policy favoring disposition of cases on their merits; and (5) the availability of less

14    drastic sanctions.  <u>Id.</u>  In assessing the fifth factor, the Court looks at "whether the court has

15    considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party

16    about the possibility of case-dispositive sanctions.  <u>Id.</u>

17          "When a court order is violated, the first and second factors will favor sanctions and the

18    fourth will cut against them.   [Citation.]   Therefore, whether terminating sanctions [are]

19    appropriate ... turns on the third and fifth factors."  <u>Computer Task Group, Inc. v. Brotby</u>, 364

20    F.3d 1112, 1115 (9th Cir. 2004).

21          Addressing the third factor, Plaintiff's refusal to provide initial disclosures and provide

22    discovery responses clearly prejudices Defendants.  "The most critical factor to be considered in

23    case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a

24    court to be confident that the parties will ever have access to the true facts.'"  <u>Connecticut</u>

25    <u>General Life Ins. Co.</u>, 482 F.3d at 1097.  Plaintiff's complete failure to participate in discovery

26    has made it impossible for Defendants to defend against Plaintiff's claims and allegations.

27    Accordingly, this factor weighs heavily in favor of dismissal sanctions.

28

1    With respect to the fifth factor, the Court has already imposed lesser sanctions.   On

2   November 14, the Court granted Defendants' motion to compel and ordered Plaintiff to provide

3   Defendants with initial disclosures and discovery responses.   The Court informed Plaintiff that

4   any objections he could have asserted had been waived by Plaintiff's failure to provide timely

5   objections.   Further, the Court twice warned Plaintiff that the failure to comply with the Court's

6   order would result in further sanctions, and expressly mentioned the possibility of terminating

7   sanctions.   Therefore, the fifth factor weighs in favor of dismissal sanctions.

8    The Court's records indicate that Plaintiff may not have received the Court's admonition

9   regarding the possibility of dismissal sanctions because Plaintiff has not provided the Court with

10   an updated, current address.   However, it is Plaintiff's responsibility to notify the Court of any

11   change of address and, by Local Rule, absent such notice, service at the prior address is deemed

12   fully effective.   See Local Rule 182(f).   Accordingly, to the extent Plaintiff has not received the

13   Court's prior orders, it is the result of his failure to comply with the Court's rules and it does not

14   change the Court's findings regarding the appropriateness of dismissal sanctions.   Plaintiff has

15   not made any effort to participate in this action for nearly six months.   The last time the Court

16   has heard from Plaintiff was in June 2013, when Plaintiff sought an extension of time because he

17   was evicted from his residence.   Inexplicably, Plaintiff informed the Court of his eviction

18   without providing the Court with an updated address: the address that appeared in the caption of

19   Plaintiff's request for the extension of time used the same address in the Court's record

20   throughout this litigation.   If Plaintiff had been evicted from that address, it is unclear why

21   Plaintiff used that same address in the notice informing the Court of the eviction.   In sum, to the

22   extent Plaintiff has not received Defendants' filings and the Court's orders since notifying the

23   Court of his eviction, the fault lies with Plaintiff for not providing the Court with an updated

24   address.

25    Based upon the foregoing, the Court finds that first, second, third and fifth factors weigh

26   in favor of the imposition of dismissal sanctions from Plaintiff's failure to participate in

27   discovery in this matter.

28   / / /

4

**IV.**

**CONCLUSION AND RECOMMENDATION**

The Court finds that dismissal sanctions against Plaintiff are appropriate due to Plaintiff's refusal to participate in discovery and general lack of participation in litigating this action.

Accordingly, it is HEREBY RECOMMENDED that:

1.      Defendants' motion for sanctions be GRANTED; and

2.      Plaintiff's claims be DISMISSED without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**January 6, 2014**__                _____

                                                     UNITED STATES MAGISTRATE JUDGE