# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON BRADFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDY DAVIS, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01712-AWI-SAB<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>ECF NO. 45 |

    On March 24, 2014, Plaintiff Devon Bradford ("Plaintiff") filed a motion for reconsideration of the Court's February 21, 2014 order granting Defendants' motion for terminating sanctions and closing this action. (ECF No. 45.) Motions to reconsider are committed to the discretion of the trial court. Barber v. State of Hawai'i, 42 F.3d 1185, 1198 (9th Cir. 1994). Reconsideration of a judgment "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

    Defendants moved for terminating sanctions after Plaintiff failed to respond to this order granting Defendants' prior motion to compel responses to certain discovery requests. The Court noted that Plaintiff had not participated in this action and for nearly six months, failed to provide initial disclosures to Defendants as required by Federal Rule of Civil Procedure 26(a), and ignored Defendants' discovery requests. The Court further noted that it appeared that the address in the Court's records for Plaintiff was out of date. However, the Court admonished Plaintiff for failing to comply with Local Rule 182(f) which requires litigants to keep the Court

apprised of all changes of address.  The Court further noted that Plaintiff informed the Court that he was evicted from his residence in June 2013, yet failed to provide the Court with an updated address for six months. On February 10, 2014, Plaintiff provided a notice of change of address.

Plaintiff's motion for reconsideration fails to set forth any grounds that would warrant reconsideration.  Plaintiff attempts to shift the blame onto Defendants' counsel by arguing that Plaintiff "was in contact with Mr. Wilson who never tried to get a proper address to where to send the paperwork."  (Mot. for Recon. 1:21-22.) It is Plaintiff's sole responsibility to keep his address information up-to-date with the Court.  Defendants' counsel has no duty to submit change of address information to the Court on Plaintiff's behalf.  Plaintiff also contends that the order adopting the findings and recommendations failed to address the objections filed by Plaintiff.  Plaintiff's objections were filed on February 24, 2014, long past the deadline when they were due.  The order adopting the findings and recommendations was signed on February 21, 2014, before Plaintiff's objections were filed.  The order did not address the objections because Plaintiff had not yet filed them and they were untimely.

Although Plaintiff's failure to file objections within the period authorized by the Magistrate Judge is dispositive, this Court has reviewed Plaintiff's objections to the findings and recommendations. Plaintiff's objections do not address his failure to comply with discovery as ordered by the Magistrate Judge on November 14, 2013. Doc. 36. Even in light of arguments raised in the untimely objections and Plaintiff's motion for reconsideration, dismissal remains the proper sanction.

Based upon the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   March 12, 2015                                    _____
                                                           SENIOR DISTRICT JUDGE